JUSTICE WARNER
dissenting.
¶28 I dissent.
¶29 The Court is correct that § 40-15-202(1), MCA, requires a hearing before a permanent order of protection may be issued. However, contrary to the Court’s determination, the record is conflicting concerning whether such hearing was in fact held. The court reporter’s records show no hearing. Also, no minute entry appears in the District Court record. However, the Permanent Order of Protection clearly states that a hearing was held on September 30, 2002. The Amended Permanent Order of Protection which gave rise to this appeal affirmatively states that a hearing was held October 1, 2002.
¶30 On October 28, 2002, Mr. Coogler’s counsel filed in the District Court a motion and supporting brief to dismiss the Amended Permanent Order of Protection that is in question here. In this motion counsel cited § 40-15-202, MCA, and argued that said order should be dismissed because Mr. Coogler was not able to attend the hearing that was held on September 30. Counsel did not argue that the hearing was never held. Counsel also argued that the affidavit in support of the motion was insufficient. Mr. Coogler did not argue to the District Court either that the order in question should be dismissed because there was no hearing as required by statute, or that the District Court could not legally amend the order the next day.
¶31 On November 4, 2002, Ms. Coogler, through counsel, filed an affidavit and a brief resisting Mr. Coogler’s motion. Her counsel met the arguments presented.
¶32 Two weeks later, by Order dated November 17, 2002, and filed November 18,2002, at 9:45 a.m. the District Court, having no idea that Appellant would later contend either that there had been no hearing held as required by § 40-15-202(1), MCA, or that it did not have the authority to amend its order, denied the motion to dismiss the *249 Amended Permanent Order of Protection. In doing so the District Court stated that Mr. Coogler could renew the motion when a stalking charge involving Ms. Coogler was resolved. Then, in a reply brief belatedly filed later that same day at 1:35 p.m., Mr. Coogler’s counsel for the first time alleged that no hearing had actually been held on September 30, 2002. Still, there was no contention that the District Court did not have authority to enter the Amended Permanent Order of Protection on October 1.
¶33 Rather than bring these new contentions to the attention of the District Court, counsel for Mr. Coogler filed a notice of appeal on December 16,2002. In his opening brief on appeal Mr. Coogler renews the contention which the District Court had no opportunity to consider, i.e., that there was no hearing on September 30, 2002. Also, for the first time in his opening brief, Mr. Coogler argues the District Court did not have authority to enter the Amended Permanent Order of Protection. In response, counsel for Ms. Coogler simply states that there was too a hearing.
¶34 What the Court has now done is reverse the District Court because of a confused record that it had no opportunity to correct. The general rule is that we will not address an issue raised for the first time on appeal because it is unfair to fault the trial court on an issue it was never given the opportunity to consider. In re Marriage of Killpack, 2004 MT 55, ¶ 10, 320 Mont. 186, ¶ 10, 87 P.3d 393, ¶ 10; Renner v. Nemitz, 2001 MT 202, ¶ 15, 306 Mont. 292, ¶ 15, 33 P.3d 255, ¶ 15. In this case the general rule is especially applicable as the District Court, had it been asked, could have made clear whether a hearing did in fact occur on September 30, 2002.
¶35 Under the circumstances, it is a mystery to me why counsel wasted our time and their clients’ money on this appeal rather than file a simple motion under Rule 59(g), M.R.Civ.P., or why they did not even ask the District Court to prepare a statement of the record pursuant to Rule 9(d), M.R.App.P. However, they did not. I am forced to dissent from the Court’s decision to reverse the District Court’s Amended Order of Protection based on arguments never presented to it.